48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Samuel E. BAKER, Plaintiff-Appellant,
v.
PEASE COMPANY, Defendant-Appellee.
 No. 89-3985.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the plaintiff in a wrongful discharge case brought in federal court under the Age Discrimination in Employment Act. The plaintiff asserted pendent Ohio-law claims for breach of a "just cause" employment agreement and for relief on a promissory estoppel theory. The district court directed a verdict for the defendant on each of these claims, and they are the only claims involved in the appeal.
 
 
 2
 As to the promissory estoppel claim, the district court concluded that the plaintiff had failed to present any evidence of action or forbearance on his part in reliance upon a promise by the defendant. The district court concluded that the contract claim failed for want of consideration.
 
 
 3
 The appeal was fully briefed, and oral argument was heard by a panel of this court on November 29, 1990.[1] The panel concluded that the district court's ruling on the promissory estoppel claim was correct, but the panel was in doubt as to how the contract question should be resolved. On March 7, 1991, therefore, this court entered an order certifying the following question to the Supreme Court of Ohio:
 
 
 4
 "Where an employer adopts a policy of not discharging employees without just cause, and the policy, although known to the employees, is not one for which the employees have bargained or negotiated, does the employees' continued performance of their jobs constitute consideration sufficient to make the policy binding on the employer as a matter of law?"
 
 
 5
 The circumstances out of which this question arose are more fully set forth in our certification order, to which the reader of this opinion is referred.
 
 
 6
 On September 12, 1991, the defendant filed a petition in the United States Bankruptcy Court for the Southern District of Ohio seeking relief under Chapter 11 of the Bankruptcy Code. Soon thereafter the Supreme Court of Ohio entered an order staying the cause in that court pending final disposition of the Chapter 11 proceedings.
 
 
 7
 On June 29, 1994, the Ohio Supreme Court ordered the plaintiff to show cause why the matter should not be dismissed. The plaintiff responded that the Chapter 11 proceeding had been converted to a Chapter 7 liquidation; that there was a possibility of a nominal recovery for creditors; and that the plaintiff, who was seeking equitable as well as monetary relief, wanted to proceed. On November 9, 1994, the Ohio Supreme Court nevertheless entered an order declining to answer the certified question and dismissing the cause. The matter is thus ripe for decision in this court.
 
 
 8
 Upon consideration, we conclude that the entry of a directed verdict on the plaintiff's promissory estoppel claim was correct for the reasons stated by the district court from the bench. See Jt. App., pp. 312-313. The contract claim presents a much closer question, in our view, and there appears to be no directly controlling precedent in the decisions of the Ohio Supreme Court. At least one Ohio court, however, has recognized that "seldom will an employee, failing to establish promissory estoppel to alter an employment-at-will agreement, be able to establish an implied employment contract based on the same set of facts." Penwell v. Amherst Hosp., 84 Ohio App.3d 16, 21, 616 N.E.2d 254, 258 (Lorain Ct. App. 1992). Moreover, this court, in construing Ohio law, has previously recognized that "merely continuing to work cannot constitute additional consideration sufficient to modify an at-will employment relationship." Humphreys v. Bellaire Corp., 966 F.2d 1037, 1041 (6th Cir. 1992); cf. Hanly v. Riverside Methodist Hosp., 78 Ohio App.3d 73, 79, 603 N.E.2d 1126, 1130 (Franklin Ct. App. 1991) (continuing to work does not indicate employee's acceptance of employer's unilateral attempt to alter terms of discharge from just-cause to at-will).
 
 
 9
 The district court found that when Pease's employees returned to work without a collective bargaining agreement, they became employees-at-will. This is the usual basis for employment in Ohio. Henkel v. Educational Research Council, 344 N.E.2d 118 (Ohio 1976). Absent some indication of bargaining or a meeting of the minds, representations that employment will be terminated only for just cause are merely unilateral statements of company policy, insufficient to alter an at-will agreement. Milkes v. Medic Discount Drug Stores, No. 66696, 1994 WL 676729, * 3 (Cuyahoga Ct. App. Dec. 1, 1994). We believe that the question of law posed to the Supreme Court of Ohio in our order of March 7, 1991, should be answered in the negative, and the judgment of the district court is therefore AFFIRMED.
 
 
 
 [1]
 Senior Circuit Judge George Edwards, who was a member of the panel at the time of oral argument, subsequently resigned from the bench and has not participated in this decision